UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCH ON d/b/a FUTURE COALITION,

   Plaintiff,

v.

FUTURE COALITION PAC,

   Defendant.

Case No. _____

Hon. _____

## VERIFIED COMPLAINT

March On d/b/a Future Coalition, through its attorneys Bodman PLC states for its complaint against Future Coalition PAC as follows:

1. This is an action for trademark infringement and unfair competition in violation of 15 U.S.C. §§ 1114(1)(a) and 1125(a).

2. This is also an action involving Defendant's willful deception and use of Plaintiff's federally registered trademark for the express purpose of trying to mislead consumers as to the identity and/or affiliation of the author of Defendant's political advertisements in an attempt to influence the behavior of certain Michigan voters whom Defendant has specifically targeted.

3. Defendant is, in other words, targeting the State of Michigan and utilizing Plaintiff's federally registered trademarks in furtherance of a scheme to deceive Michigan voters (or potential voters) into believing that Defendant's

political advertisements were authored by or affiliated with Plaintiff when in fact they were not.[1]

## PARTIES AND JURISDICTION

4. Plaintiff March On is a nonprofit organization organized under the laws of the District of Columbia. March On was formed in late 2017 by the co-founders of the 2017 Women's Marches, and its mission is to support progressive social and political causes, mobilize youth and women voters, and otherwise enhance grassroots participation in voting and civic participation nationwide.

5. Future Coalition PAC (the "PAC") is a political action committee registered with the Federal Election Commission ("FEC") in July of 2024. Its registered address is PO Box 341027, Austin, TX, 78734. In its FEC filings, the PAC identifies Ray Zaborney as its Treasurer and Cabell Hobbs as its Designated Agent.

6. The PAC has engaged in political advertising in the State of Michigan, including by sending mailers to registered voters in this judicial district. The PAC has also engaged in extensive television and internet advertising directed at Michigan voters.

---

[1] *See generally*, Huffington Post, *GOP Group Targets Muslim Voters in Michigan With Ads Touting Harris' Ties to Israel*, Sept. 2, 2024, https://www.huffpost.com/entry/gop-group-targets-muslim-voters-in-michigan-with-ads-touting-harris-ties-to-israel_n_66d62034e4b05dc832135198, accessed October 7, 2024.

7. This Court has jurisdiction over the parties' dispute under 28 U.S.C. §1338(a), and 28 U.S.C. § 1331 as it involves claims arising under federal law, specifically the Lanham Act, 15 U.S.C. § 1121(a).

8. The PAC has transacted business in the State of Michigan and therefore this court has personal jurisdiction over the PAC pursuant to MCL 600.705.

9. The PAC's contacts with the State of Michigan satisfy due process requirements for personal jurisdiction in this Court.

10. The PAC's contacts with Michigan have harmed Future Coalition because its contacts have interfered with Future Coalition's trademark rights, created a likelihood of confusion as to the source of the political advertising disseminated by the PAC, and jeopardized the goodwill that Future Coalition has fostered around the Future Coalition trademarks.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the PAC transacts business in this district, Future Coalition transacts business in this district, and a substantial part of the events giving rise to Future Coalition's claims occurred and are continuing to occur in this district.

4860-8091-1597_2

## GENERAL ALLEGATIONS

**History of the Future Coalition Marks:**

12. Plaintiff March On (herein "Future Coalition") was formed in late 2017 by the co-founders of the "Women's Marches of 2017 in which more than 5 million people marched in America. The marches coalesced a fight for women's rights, human rights, LGBTQ rights, racial justice, immigration reform, climate action and more."[2]

13. Future Coalition began in 2018 as the youth-focused arm of March On. Future Coalition was created to encourage and support youth engagement in social and political causes nationwide:

> Born out of the women-led organization March On, we have built the infrastructure behind historic mobilizations such as the September 20th US Climate Strikes, Earth Day Live, #VoteWithUs, and March On for Voting Rights.
>
> We coordinated a coalition of groups across the US youth climate movement, facilitated local coalition-building efforts around elections, and provided fiscal sponsorship to dozens of youth organizations – to name a few examples of our past work.[3]

---

[2] See http://www.futurecoalition.org/history/#2017, accessed on October 6, 2024.

[3] See http://www.futurecoalition.org/about/, accessed on October 6, 2024.

14. Voter engagement, particularly among young Americans, is a critical component of Future Coalition's mission. Because Michigan is a "battleground state," which could reasonably be won by either the Republican or Democratic candidate in national elections, it is a critical locus of civic engagement, voter education, and other services provided by Future Coalition.

15. Future Coalition is the owner of the federally registered trademark FUTURE COALITION (Reg. no. 7,488,787) for "consulting services, and incubation services, namely, business management services and organizational development consulting to nonprofit, grassroots, and political and social advocacy organizations; Providing information regarding the business entity formation and management of nonprofit, grassroots, and political and social advocacy organizations" in international class 35, and "[p]roviding training and workshops regarding the formation, financing, and management of nonprofit, grassroots, and political and social advocacy organizations; Education services in the nature of trainings in the field of forming, financing, and managing of nonprofit, grassroots, and political and social advocacy organizations" in international class 41, with a first use date in August of 2018.

16. Future Coalition filed its federal trademark application on September 20, 2023 and received its certificate of registration on August 27, 2024. A true and correct copy of the certificate of registration is attached hereto as **Exhibit A(1)**.

17. Future Coalition is also the owner and applicant for the mark

*future* COALITION

(Reg. no. 7,488,788) for the same uses and first use date identified in paragraph 10.

18. Future Coalition filed its federal trademark application for this mark on September 20, 2023 and received its certificate of registration on August 27, 2024. A true and correct copy of the certificate of registration is attached hereto as **Exhibit A(2)**.

19. The two marks described in the preceding paragraphs are referred to herein as the "Future Coalition Marks."

20. Future Coalition has made a substantial investment in advertising and promoting the Future Coalition Marks in connection with its services, including in Michigan. Through these efforts, Future Coalition has cultivated goodwill and a reputation for excellence that consumers associate with the Future Coalition Marks.

21. Future Coalition's services in the State of Michigan include the grant of funds to individuals and organizations based in Michigan through its Youth Direct Action Fund and the offerings of programs such as the Future Incubator, Community Catalyst, and Civic, which provides program support, financing, resources, and support for get out the vote ("GOTV") efforts of youth-centered local organizations.

Future Coalition has provided services of this nature in Michigan since it first began in August of 2018.

**The PAC's Infringement:**

22. The PAC was registered with the FEC on or about July 3, 2024, and began using the name Future Coalition PAC shortly thereafter – long after Future Coalition's first use of the Future Coalition Marks.

23. Despite Future Coalition's earlier and continuing use of the Future Coalition Marks, and its pending registration of the Marks, the PAC provides related services under a nearly identical name in the same geographic territories as Future Coalition offers its services.

24. Starting in the summer of 2024, the PAC began publishing political advertisements on social media platforms including X (formerly Twitter), YouTube, and Facebook that endorse and criticize candidates for the 2024 United States Presidential election. *See* **Exhibit B, Declaration of Erica Sarver and Compiled Advertisements**.

25. Between January 1, 2024 and October 6, 2024, the PAC spent a total of $501,400.00 on political advertising, $437,000.00 of which was spent in the State of Michigan. **Exhibit C, Google Ads Transparency Center**.

26. The PAC also sent mailed advertisements to Michigan voters through the United States Postal Service with similar content. *See* **Exhibit B(9), Mailed Advertisement**.

27. The PAC has further contacted Michigan voters through text messages, which identify the source of the political advertisement as the "Future Coalition PAC." **Exhibit B(10), Text Message Advertisement**.

28. The PAC has also arranged for its advertisement to be displayed on at least one billboard in Detroit, Michigan. **Exhibit B(11), Photograph of Billboard**.

29. Each of these advertisements prominently identifies the source of the content as "Future Coalition PAC." *See generally* Ex. B.

30. In a disclosure form submitted under penalty of perjury, the PAC reported to the Federal Election Commission that it had paid Red Maverick Media LLC (the right-wing political advisory firm with which Zaborney is affiliated) $66,680 for "printing/postage" in "support" of Elissa Slotkin's candidacy to represent the State of Michigan in the United States Senate. **Exhibit D, October 4, 2024 FEC Disclosure Form.**

31. In the same form, which again was submitted under penalty of perjury, the PAC reported to the Federal Election Commission that it had paid Red Maverick Media $1,459,680.67 in "support" of Kamala Harris' candidacy for President of the United States. *Id.*

32. The October 4, 2024 FEC disclosure form was signed by Zaborney, who is a co-founder of Red Maverick Media, LLC and is a Republican political advisor. As explained on the Red Maverick Media website, "Zaborney and his team have helped lead Republicans to majorities across the country, including winning and protecting Republican majorities in Pennsylvania."[4]

33. Contrary to what was reported on the October 4, 2024 disclosure form, the PAC's expenditures in fact were not made in "support" of either Slotkin or Harris.

34. On September 13, 2024, Future Coalition demanded that the PAC cease and desist from its infringing conduct. **Exhibit E, Cease and Desist Letter**.

35. The PAC has not responded, nor has it ceased its infringing conduct.

36. Future Coalition further contacted Facebook, X, and YouTube and attempted to have the internet advertisements taken down due to the PAC's trademark infringement. **Exhibit F, Compiled Takedown Notices**.

37. In connection with Facebook's investigation of Future Coalition's infringement claim, Future Coalition received a letter from Attorney James Tyrrell on behalf of the PAC. A true and correct copy of Attorney Tyrrell's letter is attached as **Exhibit G**.

---

[4] See https://www.redmaverickmedia.com/our-team/, accessed on October 7, 2024.

4860-8091-1597_2

38. In his letter, Attorney Tyrrell states that, because the Future Coalition Marks do not include the letters "PAC," the PAC's use of the name "Future Coalition PAC" does not infringe on the Future Coalition Marks.

39. Future Coalition therefore brings this trademark infringement action to stop the PAC from its continued infringement of the Future Coalition Marks, and most importantly to prevent customer confusion as to the source of the PAC's political advertisements.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)(a)

40. Future Coalition incorporates the preceding allegations as if restated verbatim.

41. Future Coalition is the owner of the Future Coalition Marks.

42. Future Coalition has provided "business management services and organizational development consulting to nonprofit, grassroots, and political and social advocacy organizations" in the State of Michigan and nationwide since August of 2018. Future Coalition has also provided "training and workshops regarding the formation, financing, and management of nonprofit, grassroots, and political and social advocacy organizations," and "trainings in the field of forming, financing, and managing of nonprofit, grassroots, and political and social advocacy organizations" during that same period.

43. Future Coalition has provided these services under the Future Coalition Marks.

44. In 2024, the PAC began to offer related services – to wit, political advertisements intended to influence the voting behavior of Michigan voters – under the name "Future Coalition PAC."

45. By using the Future Coalition Marks, the PAC suggests to the voting public that its political advertisements are attributable to Future Coalition, thus trading on the goodwill that Future Coalition has built through years of community engagement and youth advocacy work.

46. The PAC offers these services in the same channels of commerce as Future Coalition by targeting Michigan voters.

47. The PAC's use of the name "Future Coalition PAC" in commerce is likely to confuse or deceive the public into believing, contrary to fact, that the content of its political advertisements is licensed, sponsored, authorized, or otherwise approved by Future Coalition. Such infringing and unauthorized use infringes Future Coalition's exclusive nationwide rights in its trademarks under 15 U.S.C. § 1114, and applicable state law.

48. The PAC therefore is engaged in federal trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1)(a).

49. The PAC's actions were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

50. The PAC's actions were and are specifically targeted and designed to deceive consumers—specifically certain Michigan voters—into believing that the PAC's messages are affiliated with or endorsed by Plaintiff when in fact they are not.

51. Future Coalition has suffered and will continue to suffer damage and loss of goodwill and reputation. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Future Coalition has no adequate remedy at law. Future Coalition will continue to suffer irreparable harm unless this Court enjoins the PAC's conduct.

52. Future Coalition is entitled to, among other relief, injunctive relief and an award of actual damages, reasonable attorney's fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## **COUNT II: UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)**

53.     Future Coalition incorporates the preceding allegations as if restated verbatim.

54.     Future Coalition has provided "business management services and organizational development consulting to nonprofit, grassroots, and political and social advocacy organizations" in the State of Michigan and nationwide since August of 2018. Future Coalition has also provided "training and workshops regarding the formation, financing, and management of nonprofit, grassroots, and political and social advocacy organizations," and "trainings in the field of forming, financing, and managing of nonprofit, grassroots, and political and social advocacy organizations" during that same period.

55.     Both of the Future Coalition Marks are registered with the United States Patent and Trademark Office.

56.     The Future Coalition Marks are distinctive and represent the time, effort, and financial resources that Future Coalition has invested in promoting the Future Coalition Marks in connection with its services.

57.      Through its efforts, Future Coalition has caused the public to associate the Future Coalition Marks with Future Coalition and earned a positive reputation and goodwill with consumers.

58. The PAC adopted the name "Future Coalition PAC," and registered under that name with the FEC.

59. The dominant element of the PAC's mark are the words "Future Coalition," since they are the only words in its registered name that are not merely descriptive of the PAC's services.

60. The Future Coalition Marks consist entirely of the words "Future Coalition," which are the dominant element of the Future Coalition Marks.

61. The PAC's mark is confusingly similar in appearance, sound, and commercial impression to the Future Coalition word mark.

62. The PAC offers services that are directly related to those offered by Future Coalition under the Future Coalition Marks, namely political advertisements.

63. The PAC offers its services in the same channels of commerce as Future Coalition by directing its advertisements at Michigan voters.

64. The PAC's actions were and are specifically targeted and designed to deceive consumers—specifically certain Michigan voters—into believing that the PAC's messages are affiliated with or endorsed by Plaintiff when in fact they are not.

65. The PAC's use in commerce of "Future Coalition PAC" constitutes use of a false designation of origin and misleading description and representation of fact in violation of 15 U.S.C. § 1125(a).

4860-8091-1597_2

66. The PAC is therefore engaged in federal trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a).

67. The PAC has refused to cease using its infringing marks despite Future Coalition's request that it do so. The PAC's actions therefore constitute knowing, deliberate, and willful infringement, and make this an exceptional case under 15 U.S.C. § 1117(a).

68. Future Coalition has suffered and will continue to suffer damage and loss of goodwill and reputation. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Future Coalition has no adequate remedy at law. Future Coalition will continue to suffer irreparable harm unless this Court enjoins the PAC's conduct.

69. Future Coalition is entitled to, among other relief, injunctive relief and an award of actual damages, reasonable attorney's fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Future Coalition requests and Order and Judgment as follows:

A. Entry of an Order preliminarily and then permanently enjoining and restraining the PAC and its officers, agents, employees, attorneys, successors and assigns, and all persons or entities acting in concert or participation with any of them, from the distribution, offering for sale, sale, advertising, and/or promotion of goods or services utilizing the FUTURE COALITION PAC mark and from otherwise engaging in unfair competition with Future Coalition;

B. Requiring the PAC to immediately change its registered name with the Federal Election Commission, to immediately take down all internet advertisements containing the name FUTURE COALITION PAC, to stop sending all mailed advertisements containing the name FUTURE COALITION PAC, to remove or cause to be removed all billboard advertisements containing the name FUTURE COALITION PAC, and to immediately cease sending text messages containing the name FUTURE COALITION PAC;

C. Ordering that any social media platforms or companies, internet hosts, or registrars shall, upon receiving notice of an Order from this Court, immediately and forever disable any and all social media accounts, websites, or domains that are owned, controlled, operated, or otherwise affiliated with Defendant or any of its individual officers or representatives that use or have used the FUTURE COALITION PAC mark, the Future Coalition Marks, or any mark confusingly similar thereto.

D. Directing the PAC to file with the Court and serve on Future Coalition's counsel, within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn written statement setting forth in detail the manner and form in which the PAC has complied with the injunction as provided in 15 U.S.C. §1116(a);

4860-8091-1597_2

E. Awarding Future Coalition judgment against the PAC for the damages Future Coalition has sustained and the profits the PAC has derived as a result of its trademark infringement and unfair competition, assessing such damages in a separate accounting procedure and then trebling those damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117;

F. Awarding Future Coalition its costs and attorney fees incurred in connection with this action, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

G. Awarding Future Coalition interest, including prejudgment and post-judgment interest, on the foregoing sums; and

H. Awarding Future Coalition such other and further relief as the Court deems just.

## JURY DEMAND

Future Coalition hereby demands a trial by jury on all matters and issues triable by jury.

Respectfully submitted,

BODMAN PLC

By: /s/Michelle T. Czapski
Michelle T. Czapski (P47267)
Justin P. Bagdady (P79764)
Erica J. Sarver (P80106)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, MI 48226
(313) 259-7777
mczapski@bodmanlaw.com
jbagdady@bodmanlaw.com
esarver@bodmanlaw.com
*Attorneys for Plaintiff*
*March On d/b/a Future Coalition*

Dated:   October 9, 2024.

4860-8091-1597_2

## VERIFICATION

I, Corryn G. Freeman am authorized to verify the foregoing Verified Complaint on behalf of the Plaintiff March On d/b/a Future Coalition. I verify it based upon personal knowledge, Plaintiff's books and records, or matters made known to me. For those matters stated upon information and belief, I believe them to be true after reasonable inquiry. I declare under penalties of perjury that the foregoing is true and correct.

By: _____
    Corryn G. Freeman

Title: Executive Director, Future Coalition

Dated: October __9__, 2024