UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCH ON,

      Plaintiff,                             Case No. 2:24-cv-12670

v.                                         Honorable Susan K. DeClercq
                                                United States District Judge
FUTURE COALITION PAC,

      Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION (ECF No. 4) AND ISSUING PRELIMINARY INJUNCTION**

In 2018, Future Coalition was founded by Plaintiff March On with the mission "to support progressive social and political causes, mobilize youth and women voters, and otherwise enhance grassroots participation in voting and civic participation nationwide." ECF No. 4 at PageID.79. In September 2023, Plaintiff filed a federal trademark application for its mark, "Future Coalition," which Plaintiff received in August 2024.

Yet in the months leading up to the 2024 election, Defendant Future Coalition PAC was formed, utilizing Plaintiff's mark without Plaintiff's consent. Plaintiff asserts Defendant has infringed on Plaintiff's trademark as part of "a scheme to deceive Michigan voters (or potential voters) into believing that Defendant's political advertisements were authored by or affiliated by Plaintiff." ECF No. 1 at

PageID.1–2. Accordingly, in the final weeks before the election, Plaintiff filed this trademark-infringement suit and seeks a preliminary injunction enjoining Defendant from using its registered trademark. As explained below, Plaintiff's motion for a preliminary injunction will be granted and Defendant will be enjoined from using Plaintiff's registered trademark and directed to immediately remove from the stream of commerce all advertisements, statements, mailers, social media or other online posts, bearing Plaintiff's registered trademark.

## I. BACKGROUND

On October 9, 2024, Plaintiff sued Defendant alleging one count of trademark infringement under 15 U.S.C. § 1114(1)(a) and one count of unfair competition under 15 U.S.C. § 1125(a). ECF No. 1 at PageID.10–15. Plaintiff—which, since 2018 has operated a "youth-focused arm" of its organization called "Future Coalition"—alleges that Defendant infringed on its trademark of "Future Coalition" when it created a political action committee (PAC) in 2024 named "Future Coalition PAC." *Id.* at PageID.4–7. According to Plaintiff, Defendant has been using the mark "Future Coalition PAC" to identify the source of political advertisements it sends to consumers through social media, mailers, text messages, and billboards. *Id.* at PageID.7–8.

The same day that Plaintiff filed its complaint—less than four weeks before Election Day—it also filed an "Emergency Ex Parte Motion for Temporary

Restraining Order and Preliminary Injunction." ECF No. 4 at PageID.70. Plaintiff seeks an order which enjoins Defendant from issuing, making, or distributing any material that uses the "Future Coalition" or "Future Coalition PAC" mark, and directs Defendant to immediately discontinue use of the mark and disable all social media accounts or websites which include the mark. *See* ECF No. 4-14 at PageID.171–172. Plaintiff served Defendant with its complaint two days later, *see* ECF No. 7, and both Parties attended a virtual status conference with the Court on October 14, 2024, at which a briefing schedule was agreed upon.

Notably, before Defendant filed its response, it began the process of changing its name to "FC PAC" with the Federal Election Commission.[1] *See* ECF No. 10 at PageID.205. Defendant filed a response in opposition of Plaintiff's Motion on October 17, 2024, *id.*, and Plaintiff filed a reply on October 21, 2024, ECF No. 11. A motion hearing was held on the afternoon of October 21, 2024, at which both Parties presented arguments and agreed that Plaintiff's Motion, ECF No. 4, should be construed as a motion for preliminary injunction. Thus, having provided Defendant "a fair opportunity to oppose the application and to prepare for such opinion," Plaintiff's Motion for a Temporary Restraining Order will be converted to a motion for a preliminary injunction. *Certified Restoration Dry Cleaning, Network,*

---

[1] At the October 21, 2024 motion hearing, Defendant reported that it had also started implementing the name change to "FC PAC" on its website and social media accounts.

*LLC v. Tenke Corp.*, 511 F.3d 535, 553 (6th Cir. 2007) (quoting *Cnty. Sec. Agency v. Ohio Dep't of Com.*, 296 F.3d 477, 484 (6th Cir. 2002)); *see also Total Quality Logistics, LLC v. Traffic Tech, Inc.*, No. 22-3148, 2023 WL 1777387, at *5 (6th Cir. Feb. 6, 2023) (concluding it is reversable error for a trial court to convert a motion for a TRO to a motion for a preliminary injunction only if the defendant was not afforded the opportunity to present evidence or argument opposing the preliminary injunction).

## II. STANDARD OF REVIEW

Preliminary injunctions have "been characterized as one of the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (internal quotation marks omitted). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington–Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002). Importantly, a "court may issue a preliminary injunction only on notice to the adverse party." FED. R. CIV. P. 65(a)(1).

"In determining whether to grant a motion for preliminary injunction, the district court must consider and balance the following four factors: (1) the moving party's likelihood of success on the merits; (2) the moving party's likelihood of suffering irreparable injury absent the injunction; (3) the probability that granting

- 4 -

the injunction will cause substantial harm to others; and (4) the degree to which the injunction would serve the public interest." *Towerco 2013, LLC v. Berlin Twp. Bd. of Trustees*, No. 23-3768, 2024 WL 3665539, at *4 (6th Cir. Aug. 6, 2024) (citing *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004)).

### III. ANALYSIS

In a trademark-infringement action, the likelihood of success on the merits "is often decisive." *PGP, LLC v. TPII, LLC*, 734 F. App'x 330, 332 (6th Cir. 2018). Indeed, if the first factor is satisfied, then "irreparable injury is ordinarily presumed, and the public interest will usually favor injunctive relief." *Id.* (citing *Wynn Oil Co. v. Am. Way Serv. Corp.*, 943 F.2d 595, 608 (6th Cir. 1991)).

Here, Plaintiff alleges Defendant infringed on Plaintiff's registered trademark in violation of the Lanham Act when it used the mark "Future Coalition PAC" to identify the source of Defendant's political advertisements. *See generally* ECF No. 1; 4. Thus, to succeed on the merits of this claim, Plaintiff must show:

1. that it owns the registered trademark;
2. that Defendant used the mark in commerce; and
3. that Defendant's use of the mark was likely to cause confusion.

*Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing 15 U.S.C. § 1114(1)).

The Parties do not appear to dispute that Plaintiff owns the registered trademark nor that Defendant used the mark "Future Coalition" in commerce. *See generally* ECF No. 10. Indeed, the crux of this dispute is whether Defendant's use of the mark is likely to cause confusion, especially in the final weeks before an election. *See generally* ECF Nos. 4; 10; 11.

In the Sixth Circuit, "the test for likelihood of confusion is whether an ordinary consumer would confuse the products at issue, incorrectly assuming that the products derive from one source rather than from different sources." *DayCab Company, Inc. V. Prairie Technology, LLC*, 67 F.4th 837 (6th Cir. 2023) (citing *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 280 (6th Cir. 1997)). Courts typically weigh eight factors when evaluating whether a likelihood of confusion exists: "(1) the strength of the senior mark, (2) the relatedness of the goods or services, (3) the similarity of the marks, (4) evidence of actual confusion, (5) the marketing channels used, (6) the likely degree of purchaser care, (7) the intent of the defendant in selecting the mark, and (8) the likelihood of expansion of the product lines." *Bliss Collection, LLC v. Latham Companies, LLC*, 82 F.4th 499, 509 (6th Cir. 2023). These factors "imply no mathematical precision, but are simply a guide to help determine whether confusion is likely." *Homeowners Grp., Inc. v. Home Mktg. Specialists*, 931 F.2d 1100, 1107 (6th Cir. 1991).

Considering these eight factors, the Court concludes there is a high likelihood of confusion. Both Plaintiff and Defendant are using Plaintiff's registered mark in the context of political services and advertisements which utilize the same marketing channels focused on Michigan voters, tipping factors 1, 2, 3, and 5 heavily in Plaintiff's favor. In addition, evaluating factor 6, there is a low degree of purchaser care as voters are inundated with political advertisements during the last weeks of an election and are unlikely to carefully investigate the source of the information. Although it does not appear that Defendant's use of the mark was intentional or willful, and there is a low likelihood of expansion of the product lines in light of Defendant's report that it has begun the process of changing its name, the weight of factors 1, 2, 3, 5 and 6 in the political organizing and advertising context make it highly likely a consumer—a registered Michigan voter—would be confused about the source of the political advertisements. Indeed, under similar circumstances, the Sixth Circuit has held that "where a defendant uses a trademark as a source identifier . . . the extension of the Lanham Act into the political sphere is appropriate." *Libertarian Nat'l Comm., Inc. v. Saliba*, 116 F.4th 530, 536 (6th Cir. 2024).

At base, Plaintiff has demonstrated a high likelihood of success on the merits such that irreparable injury and the public interest may be presumed. *PGP, LLC v. TPII, LLC*, 734 F. App'x 330, 332 (6th Cir. 2018) (citing *Wynn Oil Co. v. Am. Way Serv. Corp.*, 943 F.2d 595, 608 (6th Cir. 1991)). And it does not appear that

Defendant would be harmed by the injunction, especially in light of the fact that Defendant has "already begun the complex name-change process" to change its name from "Future Coalition PAC" to "FC PAC." ECF No. 10 at PageID.205. Indeed, Defendant is free to continue its political advertising activities so long as it does so under a name which does not infringe upon Plaintiff's—or any other—registered trademark.[2]

Accordingly, Plaintiff's Motion for a Preliminary Injunction will be granted, and Defendant will be enjoined from using Plaintiff's mark on all advertisements, statements, social media posts, or other online posts or mailers directed toward consumers. Defendant will also be directed to remove all of its advertising content which uses the mark "Future Coalition" or "Future Coalition PAC" from the stream of commerce unless such removal is impossible.

Finally, turning to the issue of injunction bond, Civil Rule 65(c) directs that courts may issue a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by

---

[2] At the October 21, 2024 motion hearing and in its reply brief, Plaintiff argued that Defendant should be enjoined from using "FC PAC," as well. *See* ECF No. 11. But the trademark infringement alleged in Plaintiff's Complaint, ECF No. 1, and at issue in Plaintiff's Motion for Preliminary Injunction, ECF No. 4, is Defendant's use of "Future Coalition," not "FC PAC." Moreover, this Court finds that Plaintiff's argument that Defendant's use of a two-letter acronym which is *not* a registered trademark is a far stretch of the relevant law and unlikely to succeed on the merits in a trademark-infringement case.

any party found to have been wrongfully enjoined." FED. R. CIV. P. 65(c). "While this language appears to be mandatory, 'the rule in [the Sixth Circuit] has long been that the district court possesses discretion over *whether* to require the posting of security.'" *Appalachian Reg'l Healthcare, Inc. v. Coventry Health & Life Ins. Co.*, 714 F.3d 424, 431 (6th Cir. 2013) (quoting *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995)). Here, Defendant did not request Plaintiff to post an injunction bond, *see generally*, ECF No. 10, and declined to seek it when this Court inquired about it during the October 21, 2024 motion hearing. Indeed, given the circumstances here—where Defendant has already voluntarily begun the process of halting the activity that will be enjoined—it is unlikely Defendant will argue that it was wrongfully enjoined or restrained, precluding any need for injunction bond. Accordingly, no injunction bond will be ordered.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Preliminary Injunction, ECF No. 4, is **GRANTED**.

Further, it is **ORDERED** that Defendant, its officers, employees, agents, representatives are:

1. **ENJOINED** from issuing, making, distributing, or sending any advertisements, statements, mailers, or social media or other online posts

that (1) are directed towards consumers; and (2) use or include the mark "Future Coalition" or "Future Coalition PAC."

2. **DIRECTED** to immediately **DISCONTINUE** the use of the "Future Coalition" or "Future Coalition PAC" mark in connection with any website or social media accounts owned, operated, or controlled by Defendant.

3. **DIRECTED** to immediately **REMOVE** all advertising content which includes the mark "Future Coalition" or "Future Coalition PAC" unless such removal is impossible.

Dated: 10/22/2024

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge